*NOT FOR PUBLICATION*

**Dashaun NELLUM, Petitioner—Appellant,**

**v.**

**Joseph MCGRATH, Warden, Pelican Bay State Prison, Respondent—Appellee.**

No. 05–16853.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Nov. 28, 2006.

L. Richard Braucher, Esq., First District Appellate Project, San Francisco, CA, for Petitioner–Appellant.

Allan Yannow, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: WALLACE and THOMAS, Circuit Judges, and EZRA *, District Judge.

MEMORANDUM **

Dashaun Nellum, a California state prisoner, appeals the district court's order de-

---

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

nying his petition for a writ of habeas corpus. We affirm. Because the parties are familiar with the facts and procedural history, we will not recount it here.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Mr. Nellum's entitlement to federal habeas corpus relief "turns on showing that the state court's resolution of his claim of ineffective assistance of counsel under *Strickland v. Washington*, [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)], 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Rompilla v. Beard*, 545 U.S. 374, 380, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005) (quoting 28 U.S.C. § 2254). "An 'unreasonable application' occurs when a state court '"identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts" of petitioner's case.' That is, 'the state court's decision must have been [not only] incorrect or erroneous [but] objectively unreasonable.'" *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (opinion of O'Connor, J.))) (alterations in original). We held in *Duhaime v. Ducharme*, 200 F.3d 597, 601 (9th Cir.1999), that "§ 2254(d)(1) does not suffer from any Article III constitutional infirmities."

To show ineffective assistance of counsel under *Strickland v. Washington*, Mr. Nellum must demonstrate that his counsel's representation "fell below an objective standard of reasonableness." 466 U.S. at 688, 694, 104 S.Ct. 2052. "[R]eview of an attorney's performance must be 'highly deferential' and must adopt the counsel's perspective at the time of the challenged conduct in order to avoid the 'distorting effects of hindsight.'" *Jennings v. Woodford*, 290 F.3d 1006, 1012 (9th Cir.2002) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

In general, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052. The Supreme Court has repeatedly cited the ABA Standards with approval as "guides to determining what is reasonable." *See Rompilla*, 545 U.S. at 387, 125 S.Ct. 2456 (quoting *Wiggins*, 539 U.S. at 524, 123 S.Ct. 2527 (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052)). Those standards describe the duty to investigate as follows:

> Defense counsel should conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction. The investigation should include efforts to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exists regardless of the accused's admissions or statements to defense counsel of facts constituting guilt or the accused's stated desire to plead guilty.

ABA Standards for Criminal Justice Prosecution and Defense Function, Rule 4–4.1(a) at http://www.abanet.org/crimjust/standards/dfunc_blk.html# 4.1. Specifically with respect to a defendant's mental state, "[t]rial counsel has a duty to investigate a defendant's mental state if there is evidence to suggest that the defendant is impaired." *Douglas v. Woodford*, 316 F.3d 1079, 1085 (9th Cir.2003).

528

Here, Mr. Nellum's counsel had no reason to believe Mr. Nellum was mentally impaired. Accordingly, while inquiring further into Mr. Nellum's mental health would have been prudent, it was not objectively unreasonable for the state court to determine that *Strickland* did not require him to do so. Dyslexia and marijuana use do not rise to the same level as the types of indicators we have previously held trigger an attorney's duty to investigate a defendant's mental health. *See Franklin v. Johnson,* 290 F.3d 1223 (9th Cir.2002) (duty to investigate when counsel knew defendant was alcoholic and had attempted suicide); *Jennings v. Woodford,* 290 F.3d 1006 (9th Cir.2002) (duty to investigate when counsel knew defendant used drugs, attempted suicide, had been reported as schizophrenic, had been involuntary committed, and engaged in self-mutilation); *Lambright v. Stewart,* 241 F.3d 1201 (9th Cir.2001) (counsel knew defendant had been hospitalized in a mental facility, suffered from hallucinations, had attempted suicide); *Seidel v. Merkle,* 146 F.3d 750 (9th Cir.1998) (counsel knew defendant had been treated at a V.A. hospital for a mental disorder); *Evans v. Lewis,* 855 F.2d 631, 636 (9th Cir.1988) (defendant's record indicated he was in need of psychiatric treatment).

Nor was it objectively unreasonable for the state court to find that *Strickland* did not require Mr. Nellum's counsel to investigate further solely because he was raising a claim of imperfect self defense. *See Wilson v. Henry,* 185 F.3d 986, 990 (9th Cir.1999) (holding counsel was not ineffective for failing to present psychiatric testimony although the defense was imperfect self-defense).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Thus, under our deferential standard of review, we conclude that the state court's determination was not contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

**AFFIRMED.**

*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*